NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

IN RE CYCLOBENZAPRINE HYDROCHLORIDE EXTENDED-RELEASE CAPSULE PATENT LITIGATION

EURAND, INC., CEPHALON, INC., AND ANESTA AG,
*Plaintiffs-Cross Appellants,*

v.

MYLAN PHARMACEUTICALS INC. AND MYLAN INC.,
*Defendants-Appellants,*

*AND*

BARR LABORATORIES, INC. TEVA PHARMACEUTICALS USA, INC., and TEVA PHARMACEUTICAL INDUSTRIES, LTD.,

*Defendants-Appellees.*

2011-1399, -1409

Appeals from the United States District Court for the District of Delaware in case no. 09-MD-2118, Judge Sue L. Robinson.

## ON MOTION

---

Before GAJARSA, MAYER, and PROST, *Circuit Judges.*

GAJARSA, *Circuit Judge.*

## ORDER

Mylan Pharmaceuticals Inc. et al. (Mylan) move for a stay, pending appeal, of the injunction entered by the United States District Court for the District of Delaware on May 24, 2011. Eurand, Inc. et al. oppose. Mylan replies.

The power to stay an injunction pending appeal is part of a court's "'traditional equipment for the administration of justice.'" *Nken v. Holder*, 129 S.Ct. 1749, 1757 (2009) (citing *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9-10 (1942)). A stay, however, is not a matter of right but instead an exercise of judicial discretion. *Nken*, 129 S.Ct at 1761. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion based on consideration of four factors, the first two of which are the most critical: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Based on the arguments in the motions papers, and without prejudicing the ultimate disposition of this case by a merits panel, we determine that Mylan has met their burden to obtain a stay, pending appeal, of the district court's injunction in part. We deem it proper to stay the injunction as to Paragraph 3 of the Injunction Order only.

Mylan's motion to stay the remainder of the injunction provisions is denied.

Accordingly,

IT IS ORDERED THAT:

The motion for a stay is granted in part.

FOR THE COURT

JUL   7 2011
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  James H. Wallace, Jr., Esq.
     William J. Marsden, Jr., Esq.
     George C. Lombardi, Esq.

s19

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

**JUL 0 7 2011**

**JAN HORBALY**
**CLERK**